IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 95 CR 730-1 |
| | ) | |
| NATHAN HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 1999, another judge in this District sentenced Nathan Hill to a term of life imprisonment after he was convicted of, among other things, narcotics conspiracy and continuing criminal enterprise. Mr. Hill has now filed a motion for compassionate release—his fifth—under 18 U.S.C. § 3582(c)(1). Because Mr. Hill did not exhaust his administrative remedies, the Court denies the motion.

## Background

The facts and procedural history of Mr. Hill's case are presented in detail in the Court's March 2025 decision denying his fourth motion seeking compassionate release. *See United States v. Hill*, No. 95 CR 730, 2025 WL 860067, at *1 (N.D. Ill. Mar. 19, 2025).

On September 26, 2025, Mr. Hill filed the present motion for compassionate release. He seeks a reduction in his sentence to time served and immediate release. He argues three grounds support this request: (1) family circumstances based on his 92-year-old mother's declining health, (2) societal contributions beyond self-

rehabilitation, and (3) self-motivated rehabilitation.

## Discussion

A defendant must exhaust his administrative remedies before filing a motion for compassionate release. 18 U.S.C. § 3582(c)(1); *see also United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (holding that the defendant failed to exhaust his administrative remedies because he filed his motion for compassionate release three days after the warden received his request); *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021) ("[A] defendant must exhaust her administrative remedies before filing a motion for compassionate release."); *United States v. Galvez*, 849 F. App'x 890, 892 (11th Cir. 2021) ("The statute also specifies a defendant must exhaust administrative remedies before filing a motion for compassionate release."). The Seventh Circuit has stated that section 3582(c)(1) "plainly uses mandatory language: the court 'may not modify a term of imprisonment' on the defendant's own motion (as opposed to one from the BOP) until 'after the defendant has fully exhausted all administrative rights to appeal' from the warden's denial of his request or 'the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier.'" *Sanford*, 986 F.3d at 782 (quoting 18 U.S.C. § 3582(c)(1)). Thus exhaustion under section 3582(c)(1) is a mandatory claims-processing rule and must be enforced if properly invoked. *Id.*

Mr. Hill did not address the exhaustion requirement in his opening motion. In its response, the government argues that Mr. Hill failed to exhaust administrative remedies because he did not establish—or even assert—"that he submitted an administrative request seeking a sentence reduction based on his mother's health and need for assistance at any time." Gov't Resp. at 13. The government also asserts that USP

2

Lee—where Mr. Hill is located—has not located a record of any request for compassionate release from Mr. Hill that would satisfy the exhaustion requirement for the present motion. In his reply, Mr. Hill asserts that he submitted a request for compassionate release to the warden of USP Lee on September 13, 2025. In support, he provided a September 13, 2025 electronic submission to the warden seeking compassionate release based on the same grounds he asserts in his motion. Dkt. no. 1629. Mr. Hill asserts the warden never responded to this request.

Mr. Hill's motion is dated September 22, 2025 (nine days after his submission to the warden) and was received by the Court on September 26, 2025 (thirteen days after his submission to the warden). The Court recognizes that, as of today, more than 30 days have lapsed since Mr. Hill submitted his request to the warden. But under section 3582(c)(1), Mr. Hill had to exhaust his administrative remedies *before* filing his motion for compassionate release. As the Court has indicated, this is a mandatory claims processing rule and must be enforced when properly invoked. *Sanford*, 986 F.3d at 782. The government has properly objected to Mr. Hill's motion based on his failure to exhaust administrative remedies.

Because Mr. Hill did not wait the required 30 days for a response, or lack of a response, from the warden before filing the present motion, the Court must deny the motion for failure to exhaust administrative remedies.

## Conclusion

For this reason, the Court denies Mr. Hill's motion for compassionate release [dkt. no. 1619]. If Mr. Hill chooses to resubmit his motion now that he has exhausted the administrative process, the Court will not require Mr. Hill or the government to file

3

updated briefs. If Mr. Hill selects this route, he should file a short, renewed motion that includes any new information related to his exhaustion of administrative remedies and adopts the briefs and documents he previously filed. The Clerk is directed to mail a copy of this order to: Nathan Hill; No. 10241-045; USP Lee; P.O. Box 305; Jonesville, VA 24263.

Date: January 14, 2026

                                                MATTHEW F. KENNELLY
                                                United States District Judge